UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TOMMY EARL JONES ]<br>    Plaintiff, ]<br>                              ]<br>v.                             ]<br>                              ]<br>GAYLE RAYE, et al. ]<br>    Defendants. ] | No.<br>(No. 3:12-mc-0073)<br>Judge Sharp |

**M E M O R A N D U M**

The plaintiff, proceeding *pro se*, is an inmate at the West Tennessee State Prison in Henning, Tennessee. He brings this action pursuant to 42 U.S.C. § 1983 against Gayle Raye, former Commissioner of the Tennessee Department of Correction; Ricky Bell, former Warden of the Riverbend Maximum Security Institution; and six past and present members of the Riverbend staff; seeking declaratory, injunctive and monetary relief.

On December 22, 2009, the plaintiff and a fellow inmate at the Dickson County Jail attempted an escape. During the escape, the pair threw bleach into the eyes of two corrections officers, threatened an officer with a broken broom handle, and threw a fire extinguisher through a window.

Upon their recapture, the pair was transferred to the Riverbend Maximum Security Institution where they were placed in administrative segregation. The plaintiff's co-escapee was released

from administrative segregation in September, 2010 and was transferred to the West Tennessee State Prison. The plaintiff, however, remained in administrative segregation until June 9, 2012.

The plaintiff believes that he was kept in segregation in violation of his right to due process. He also asserts an equal protection claim based upon the early release and transfer of his co-escapee.

To state a claim for § 1983 relief, the plaintiff must plead and prove that the defendants, while acting under color of state law, deprived him of some right or privilege guaranteed by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, (1981).

The plaintiff believes that he was kept in segregation in violation of his right to due process. For several years, it was well settled that an inmate facing the possibility of disciplinary sanctions was entitled to a certain degree of procedural due process. Wolff v. McDonnell, 418 U.S. 539 (1974). This process included advance written notice of the charge, a hearing to resolve the charge during which the accused may present documentary evidence and call witnesses, and a written statement from the fact-finder describing the evidence relied upon and the reasons for the disciplinary action taken.

The Supreme Court, however, has changed the methodology used to determine whether an inmate has a liberty interest worthy of due process protection. *See,* Sandin v. Conner, 115 S.Ct. 2293 (1995).

Federal courts are no longer required to examine the language of prison regulations to ascertain whether substantive restrictions have been placed upon the discretion of prison officials. Rather, our inquiry now focuses on whether the imposition of a particular disciplinary sanction " presents the type of atypical, significant deprivation in which a state might conceivably create a liberty interest." <u>Sandin</u>, *supra* at 115 S.Ct. 2301.

The <u>Sandin</u> opinion reaffirmed that when a prison disciplinary sanction directly affects the length of a prisoner's incarceration, the prisoner has an inherent liberty interest subject to the procedural safeguards announced in <u>Wolff</u>, *supra*. However, when the disciplinary sanction contemplated would not "impose atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," the procedural due process described in <u>Wolff</u> does not apply. <u>Sandin</u>, *supra* at 115 S.Ct. 2300.

There is nothing in the complaint to suggest that the plaintiff was made to suffer an atypical and significant hardship sufficient to create a liberty interest subject to constitutional protection. *See* <u>Sandin</u>, *supra* (finding that thirty days in punitive segregation was neither atypical nor a significant hardship). The plaintiff does not allege that his length of incarceration was increased in any way as a consequence of being placed in segregation. Moreover, attachments to the complaint show that he was accorded a monthly review to determine whether his continued segregation was warranted. Thus, the plaintiff's confinement in

segregation did not offend his right to due process.

To the extent that the plaintiff asserts an equal protection claim based upon his co-escapee being released from segregation before he was, such a claim is untimely. <u>Merriweather v. City of Memphis</u>, 107 F.3d 396, 398 (6th Cir.1997)(§ 1983 claims in Tennessee are subject to a one year statute of limitation).

In the absence of conduct in violation of federal law, the plaintiff is unable to prove every element of his cause of action. Thus, he has failed to state a claim upon which relief can be granted. Under such circumstances, a district court is obliged to dismiss the complaint *sua sponte*. 28 U.S.C. § 1915(e)(2). Therefore, this action shall be dismissed.

An appropriate order will be entered.

/s/ Kevin H. Sharp
_____
Kevin H. Sharp
United States District Judge
